UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SUZETTE A. KELLY, an individual
and SARAHI FASHION HOUSE, INC.,
a Florida corporation,

    Plaintiffs,

vs.

CASE NO.: 0:21-CV-61937-RS

FASHION NOVA, LLC, a California
limited liability company,

    Defendant.

_____

**FASHION NOVA, LLC'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE AND SUPPORTING MEMORANDUM OF LAW**

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | FACTUAL BACKGROUND | | 2 |
| III. | LEGAL STANDARDS | | 3 |
| | A. | Venue—28 U.S.C. § 1400(b). | 3 |
| | B. | Transfer—28 U.S.C. §§ 1404(a) and 1406. | 4 |
| IV. | ARGUMENT | | 5 |
| | A. | Venue is Not Proper in this District. | 5 |
| | | 1. Fashion Nova Does Not Reside in this District. | 5 |
| | | 2. Fashion Nova Does Not Have a Regular, Established Place of Business in This District. | 5 |
| | |    a) Fashion Nova Does Not Have a Physical Place of Business in this District. | 5 |
| | |    b) No Employees or Agents Conduct Its Business Form a Regular, Physical Place of Business of Fashion Nova. | 6 |
| | |    c) Online Sales Do Not Establish a Regular and Established Place of Business. | 6 |
| | B. | If Not Dismissed for Improper Venue, This Case Should Be Transferred to the Central District of California. | 8 |
| | | 1. Transfer is Appropriate Pursuant to Section 1406(a). | 9 |
| | | 2. This Case May Also Be Transferred Pursuant to Section 1404(a). | 9 |
| | |    a) The Private Interest Factors Favor Transfer. | 10 |
| | |    b) The Public Interest Factors Favor Transfer. | 12 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Sec. Ins. Co. v. Ring Power Corp.*,
   No. CV 09-932-PHX-SRB, 2009 WL 10673494 (D. Ariz. Sept. 17, 2009) ............................... 8

*Amini Innovation Corp. v. Bank & Est. Liquidators, Inc.*,
   512 F. Supp. 2d 1039 (S.D. Tex. 2007) ................................................................................ 12

*ArrivalStar SA v. Macy's, Inc.*,
   No. 11-20166-CIV, 2011 WL 13223564 (S.D. Fla. Sept. 28, 2011) ......................................... 7

*ASI Diamonds, Inc. v. Schwardt*,
   No. 1:18-CV-20680-UU, 2019 WL 1960211 (S.D. Fla. Mar. 1, 2019) .................................... 6

*Cellularvision Tech. & Telecommunications, L.P. v. Alltel Corp.*,
   508 F. Supp. 2d 1186 (S.D. Fla. 2007) ....................................................................... 9, 11, 12

*Coleman v. Crisp*,
   444 F. Supp. 31 (W.D. Okla. 1977) .................................................................................. 8, 12

*Cooney v. Barry Sch. of L.*,
   994 F. Supp. 2d 268 (E.D.N.Y. 2014) ..................................................................................... 8

*CSTECHUS, Inc. v. NorthernZone, LLC*,
   No. 21-CV-00122-H-AHG, 2021 WL 6622290 (S.D. Cal. Dec. 1, 2021) ............................... 7

*Hand Held Prod., Inc. v. Code Corp.*,
   265 F. Supp. 3d 640 (D.S.C. 2017) ......................................................................................... 7

*In re Cray Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017) ........................................................................................... 3, 7

*In re Genentech*,
   566 F.3d 1338 (Fed. Cir. 2009) ............................................................................................. 10

*In re Google LLC*,
   949 F.3d 1338 (Fed. Cir. 2020) ............................................................................................... 6

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008) ............................................................................................... 4

*In re ZTE (USA) Inc.*,
   890 F.3d 1008 (Fed. Cir. 2018) ............................................................................................... 3

*Johnston v. Foster-Wheeler Constructors, Inc.*,
   158 F.R.D. 496 (M.D. Ala. 1994) ......................................................................................... 11

*Matlock v. Flake*,
   No. CIV.A 109CV510HSOJMR, 2009 WL 3213498 (S.D. Miss. Sept. 25, 2009) ................. 8

*Montgomery v. Risen*,
   No. 15-20782-CIV, 2016 WL 4119865 (S.D. Fla. Jan. 26, 2016) ........................................... 4

*Nike, Inc. v. Skechers U.S.A., Inc.*,
   No. 3:16-CV-007-PK, 2017 WL 7275389 (D. Or. Nov. 14, 2017) ......................................... 7

*Omega Pats., LLC v. Bayerische Motoren Weke AG*,
   508 F. Supp. 3d 1336 (N.D. Ga. 2020) ................................................................................... 6

*Osgood v. Disc. Auto Parts, LLC*,
   981 F. Supp. 2d 1259 (S.D. Fla. 2013) ............................................................................. 9, 10

*Pac. Solar Energy, S.A. de C.V. v. United States Dep't of the Treasury*,
   No. 16-25324-CIV, 2017 WL 6730069 (S.D. Fla. Dec. 29, 2017) ............................................ 4
*Pat. Holder LLC v. Lone Wolf Distributors, Inc.*,
   No. 17-23060-CIV, 2017 WL 5032989 (S.D. Fla. Nov. 1, 2017) ......................................... 5, 6
*Pawlik v. AmeriLife Grp., LLC*,
   No. 13-80172-CIV, 2014 WL 793080 (S.D. Fla. Feb. 25, 2014) .......................................... 4, 9
*Ross v. Buckeye Cellulose Corp.*,
   980 F.2d 648 (11th Cir. 1993) ............................................................................................... 10
*Seatriever Int'l Holdings Ltd. v. Innova Imports, LLC*,
   2018 WL 11224372 (C.D. Cal. Aug. 21, 2018) ....................................................................... 7
*Silver v. Karp*,
   No. 14-80447-CIV, 2014 WL 4248227, at *5 (S.D. Fla. Aug. 27, 2014) ............................... 8
*Stuebing Automatic Mach. Co. v. Gavronsky*,
   No. 1:16-CV-576, 2017 WL 3187049 (S.D. Ohio June 12, 2017) .......................................... 9
*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017) .................................................................................................... 3, 5, 9
*Thermal Techs., Inc. v. Dade Serv. Corp.*,
   282 F.Supp.2d 1373 (S.D. Fla. 2003) .................................................................................... 12
*Univ. of S. Fla. Rsch. Found. Inc. v. EIZO, Inc.*,
   No. 8:16-CV-3110-MSS-TGW, 2018 WL 4560524 (M.D. Fla. Jan. 2, 2018) ........................ 6
*Wright v. Miranda*,
   740 F. App'x 692 (11th Cir. 2018) .......................................................................................... 9

**Statutes**

28 U.S.C. § 1400(b) ............................................................................................................... passim
28 U.S.C. §§ 1404 ................................................................................................................. passim
Section 1406 .......................................................................................................................... passim

**Rules**

Fed. R. Civ. P. 12(b)(3) .......................................................................................................... 1, 13

Defendant Fashion Nova, LLC ("Fashion Nova"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(3), 28 U.S.C. § 1404(a) and § 1406(a), moves the Court to dismiss the Second Amended Complaint (ECF No. 9) for improper venue or, alternatively, to transfer venue from the United States District Court, Southern District of Florida to the United States District Court, Central District of California. Fashion Nova's Memorandum of Law is included herein and Declaration in Support of its Motion is attached hereto as **Exhibit A**.

I.      **INTRODUCTION**

Fashion Nova moves to dismiss Plaintiffs' Suzette A. Kelly ("Kelly") and Sarahi Fashion House, Inc. ("Sarahi," and collectively, "Plaintiffs") Second Amended Complaint[1] pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue or, in the alternative, to transfer this case to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1406(a) or 1404(a).

Fashion Nova does not reside and has no regular and established place of business in the Southern District of Florida (the "District"). Fashion Nova is a California limited liability company and does not own, lease, or rent property in this District. Nor does Fashion Nova have any employees in this District. Plaintiffs do not allege otherwise. Rather, to support venue, Plaintiffs merely allege that Fashion Nova has committed acts of infringement in this District. While Fashion Nova denies any alleged infringement here or anywhere, Plaintiffs' allegation is insufficient to establish venue under 28 U.S.C. § 1400(b), which also requires that Defendant "has a regular and established place of business" in the District. The Complaint must therefore be dismissed for improper venue.

---

[1] The Second Amended Complaint (ECF No. 1, "SAC" or "Complaint") is the first and only complaint that was ever served on Fashion Nova despite this lawsuit being first filed on September 13, 2021.

Alternatively, if this case is not dismissed, the law compels transfer of the case to the Central District of California pursuant to 28 U.S.C. § 1406(a) or § 1404(a). When venue is improper, transfer is appropriate to the district in which it could have been brought, regardless of any inconvenience to Plaintiffs. *See* 28 U.S.C. § 1406(a). Even assuming *arguendo* that venue is proper in this District (it is not), transfer to the Central District of California is further warranted pursuant to 28 U.S.C. § 1404(a) as it is clearly the more convenient venue given that California *is* where Fashion Nova "resides" and where substantially all of Fashion Nova's knowledgeable witnesses, documents and relevant vendors are located. Fashion Nova's Motion should accordingly be granted.

## II.     FACTUAL BACKGROUND

On September 13, 2021, Kelly filed this lawsuit against Fashion Nova alleging infringement of two U.S. Design Patents: D674,991 and D686,800 (together, the "Patents-in-Suit") and infringement of Plaintiffs' trademarks in Fashion Nova product names. (ECF No. 1.) Kelly never served this initial complaint on Fashion Nova. *See* ECF Nos. 7, 14. The operative Second Amended Complaint (filed on June 9, 2022) adds Plaintiff Sarahi to the case. (ECF No. 9, "SAC.")[2] Plaintiffs first served Fashion Nova with a copy of the SAC on July 15, 2022. (ECF No. 20.)

Fashion Nova is a California limited liability company with its principal place of business at 2801 East 46th Street, Vernon, California 90058. (SAC ¶ 4; Declaration of Sheri Duran, hereafter "Duran Decl." ¶ 2, Ex. A.) Beyond Plaintiffs' conclusory allegations that Fashion Nova committed acts of infringement in this District and "has regularly and systematically conducted and solicited

---

[2] While styled as the "Second Amended Complaint," Fashion Nova is not aware of any First Amended Complaint filed by Plaintiffs. While the SAC's caption names "Fashion Nova, LLC" as the Defendant, it also refers to Fashion Nova as both a California corporation and LLC and later refers to "Fashion Nova, Inc." instead of Fashion Nova, LLC. (SAC at 1-2.) Fashion Nova, Inc. converted to an LLC and thus, the distinction is without a difference. (Duran Decl. ¶ 3.)

business in this district by, and through at least its' online sales and overall presence in this district" (SAC ¶¶ 9-10), Plaintiffs allege no connection between Fashion Nova and this District. Plaintiffs do not—and cannot—allege that Fashion Nova has any employees, offices, manufacturing facilities, service or call centers, distribution or warehouse facilities, or other dedicated places of business in the District. (Duran Decl. ¶¶ 5-6.) Indeed, Fashion Nova's employees and documents are primarily located in Vernon, California, which is where its primary corporate decision-making takes place, including decisions regarding product names, sourcing, and sales. (*Id.* at ¶ 4.) Moreover, Fashion Nova sources the accused products identified in the SAC from three vendors located in California. (*Id.* at ¶ 8.)

## III. LEGAL STANDARDS

### A. Venue—28 U.S.C. § 1400(b).

"Any civil action for patent infringement may be brought in the judicial district ***where the defendant resides, or*** where the defendant has committed acts of infringement ***and has a regular and established place of business***." 28 U.S.C. § 1400(b) (emphasis added). Plaintiffs bear the burden of establishing proper venue as to Fashion Nova. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). As the Supreme Court confirmed, an entity "'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017). Plaintiffs must demonstrate three requirements to establish that a defendant has a regular and established place of business: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) (the "*Cray* Requirements").

**B. Transfer—28 U.S.C. §§ 1404(a) and 1406.**

Upon a finding that a case lay venue in the wrong division or district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). When venue is improper in the first instance, equities do not weigh in favor of retaining jurisdiction and respecting a plaintiff's choice of venue. *Pac. Solar Energy, S.A. de C.V. v. United States Dep't of the Treasury*, No. 16-25324-CIV, 2017 WL 6730069, at *5 (S.D. Fla. Dec. 29, 2017).

In addition to transferring under Section 1406(a), transfer may also be accomplished under Section 1404(a)[3] "for the convenience of parties and witnesses, in the interest of justice." Under this Section, courts within this Circuit "generally apply a two-part test: '(1) whether the action might have been brought in the proposed transferee court and (2) whether various factors are satisfied so as to determine if a transfer to a more convenient forum is justified.'" *Montgomery v. Risen*, No. 15-20782-CIV, 2016 WL 4119865, at *1 (S.D. Fla. Jan. 26, 2016) (internal citation omitted). The analysis considers various private and public interest factors such as: relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law. *Pawlik v. AmeriLife Grp., LLC*, No. 13-80172-CIV, 2014 WL 793080, at *7 (S.D. Fla. Feb. 25, 2014).

---

[3] In patent cases, motions to transfer under § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

IV.     **ARGUMENT**

   A.     **Venue is Not Proper in this District.**

Plaintiffs cannot establish venue under the first or second clauses of Section 1400(b). Indeed, Fashion Nova does not reside in this District, nor does it have a regular and established place of business in this District. Therefore, venue is improper.

   1.     **Fashion Nova Does Not Reside in this District.**

Residence in Section 1400(b) "refers only to the State of incorporation." *TC Heartland LLC*, 137 S. Ct. at 1515, 1517. As Plaintiffs correctly allege, Fashion Nova is organized under the laws of the State of California. (SAC ¶ 4; *see also* Duran Decl. ¶ 3.) Therefore, Fashion Nova does not reside in this District under Section 1400(b). When a defendant does not reside in the District, "venue only lies in the Southern District of Florida if the second clause of § 1400(b) is satisfied." *Pat. Holder LLC v. Lone Wolf Distributors, Inc.*, No. 17-23060-CIV, 2017 WL 5032989, at *5 (S.D. Fla. Nov. 1, 2017).

   2.     **Fashion Nova Does Not Have a Regular, Established Place of Business in This District.**

Plaintiffs fail to satisfy the second clause of Section 1400(b) because Fashion Nova does not have a regular and established place of business in this District.[4] Fashion Nova has no: (1) physical place of business in this District; nor (2) employees or agents conducting its business from a regular, physical place of Fashion Nova's business in this District.

   a)     **Fashion Nova Does Not Have a Physical Place of Business in this District.**

Plaintiffs do not allege that Fashion Nova has a physical place of business in this District and, thus do not even attempt to satisfy this prong of the *Cray* Requirements. Nor could they,

---

[4] Fashion Nova also disputes that it has committed any alleged act of infringement in this District.

because Fashion Nova does not own, lease, maintain, or operate any offices, manufacturing facilities, service or call centers, distribution or warehouse facilities, or other physical places of business in the District. (Duran Decl. ¶ 6.) Courts have deemed the absence of these types of facilities as supporting improper venue. *Univ. of S. Fla. Rsch. Found. Inc. v. EIZO, Inc.*, No. 8:16-CV-3110-MSS-TGW, 2018 WL 4560524, at *4 (M.D. Fla. Jan. 2, 2018) (holding that venue is improper when defendant did not own, lease, maintain, or operate any facilities or offices in the district); *Pat. Holder LLC,* 2017 WL 5032989, at *5 (holding that venue is improper when defendant did not have a physical place in the district).

          **b)      No Employees or Agents Conduct Its Business Form a Regular, Physical Place of Business of Fashion Nova.**

Plaintiffs do not allege that Fashion Nova has employees or agents conducting business from a regular physical place of business of Fashion Nova in the Southern District of Florida. *Cray* emphasizes "a regular and established place of business requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged place of business." *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020) (internal quotation omitted). Fashion Nova has no such employees or agents in Florida (Duran Decl. ¶ 5) and thus, Plaintiffs cannot establish venue on this basis. *Omega Pats., LLC v. Bayerische Motoren Weke AG*, 508 F. Supp. 3d 1336, 1342 (N.D. Ga. 2020) (holding that venue was improper when defendant had no employees residing or working in the district); *ASI Diamonds, Inc. v. Schwardt*, No. 1:18-CV-20680-UU, 2019 WL 1960211, at *2 (S.D. Fla. Mar. 1, 2019) (venue was improper when defendant had no employees or agents in the district).

          **c)      Online Sales Do Not Establish a Regular and Established Place of Business.**

Plaintiffs allege that Fashion Nova has "conducted and solicited business in this district by, and through at least its' (*sic*) online sales and overall presence in this district." (SAC ¶ 9.) However,

online sales are insufficient to establish venue under Section 1400(b). Courts have repeatedly rejected similar arguments that online sales establish a regular and established place of business. Indeed, the Federal Circuit held that the statute cannot be read to refer to a "virtual space or to electronic communications from one person to another." *Cray*, 871 F.3d at 1362. Since then, district courts, including this Court, have routinely held that online sales cannot provide a basis for venue. *See ArrivalStar SA v. Macy's, Inc.*, No. 11-20166-CIV, 2011 WL 13223564, at *2 (S.D. Fla. Sept. 28, 2011) (holding that venue is improper and noting that evidence regarding defendant's website was insufficient); *see also Nike, Inc. v. Skechers U.S.A., Inc.*, No. 3:16-CV-007-PK, 2017 WL 7275389, at *6 (D. Or. Nov. 14, 2017) ("Defendant's sales through the internet do not show that venue is proper."); *CSTECHUS, Inc. v. NorthernZone, LLC,* No. 21-CV-00122-H-AHG, 2021 WL 6622290, at *1 (S.D. Cal. Dec. 1, 2021) (online sales and advertising "would be insufficient to establish venue in this district").

Instead, to satisfy the *Cray* Requirements, the defendant's alleged place of business "must be a physical, geographical location in the district from which the business of defendant is carried out." 871 F.3d at 1362. Plaintiffs have not identified any such place and therefore venue in this District is improper. *See, e.g., Hand Held Prod., Inc. v. Code Corp.*, 265 F. Supp. 3d 640 (D.S.C. 2017) (holding that venue was improper and that regular product sales to the district is insufficient); *Seatriever Int'l Holdings Ltd. v. Innova Imports, LLC*, , 2018 WL 11224372, at *5 (C.D. Cal. Aug. 21, 2018) (holding that venue was improper when plaintiffs failed to meet their burden of showing that defendant has a regular and established place of business in the district, despite defendant's website's reference to a warehouse in California and sales to California).

Dismissal—rather than transfer—is appropriate here. Plaintiffs did not even serve a complaint on Fashion Nova until nearly 10 months after the case was filed. Given the apathy shown

by Plaintiffs thus far, they are unlikely to furnish sufficient reasons why the interests of justice require transfer rather than dismissal. *Silver v. Karp*, No. 14-80447-CIV, 2014 WL 4248227, at *5 (S.D. Fla. Aug. 27, 2014) (dismissing case for improper venue rather than transferring to another district); *Coleman v. Crisp*, 444 F. Supp. 31, 33 (W.D. Okla. 1977) (dismissing case for improper venue when "no reason appears why it would be more in the interest of justice for the court to transfer the case than to dismiss it"); *Matlock v. Flake*, No. CIV.A 109CV510HSOJMR, 2009 WL 3213498, at *3 (S.D. Miss. Sept. 25, 2009) (finding that the interests of justice would be best served by dismissing the case and allowing plaintiff to refile in the proper venue rather than transferring); *Am. Sec. Ins. Co. v. Ring Power Corp.*, No. CV 09-932-PHX-SRB, 2009 WL 10673494, at *4 (D. Ariz. Sept. 17, 2009) (dismissing case when nothing in the record indicates why it would be in the interest of justice to transfer the case).

Indeed, Plaintiffs have indicated that they have insufficient resources to prosecute this case *even in their home forum*. *See* ECF Nos. 4-6. The court pleadings further reveal a fee dispute among Plaintiffs and their attorney of record (Carol von Kaul) with allegations that Plaintiffs failed to pay for more than 100 hours of legal services, resulting in Plaintiffs' counsel filing a charging lien to recover her attorneys' fees and costs. (ECF No. 6.) Plaintiffs' insufficient resources to prosecute this case compel dismissal rather than transfer. *Cooney v. Barry Sch. of L.*, 994 F. Supp. 2d 268, 271 (E.D.N.Y. 2014).

    **B.    If Not Dismissed for Improper Venue, This Case Should Be Transferred to the Central District of California.**

Alternatively, if the Court does not dismiss this case for improper venue, it should transfer this case to the Central District of California pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).

### 1. Transfer is Appropriate Pursuant to Section 1406(a).

Pursuant to Section 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In other words, "even if a case has been brought in the wrong district, the court may opt to dismiss the case or transfer it to a district in which it could have been brought." *Pawlik*, No. 13-80172-CIV, 2014 WL 793080, at *6; *Wright v. Miranda*, 740 F. App'x 692, 693 (11th Cir. 2018) ("A district court may transfer a civil action to an appropriate venue if it determines that the action was filed in the wrong district.") To the extent Plaintiffs argue that transfer would be inconvenient or costly, such considerations are irrelevant under Section 1406 because venue requirements exist for the benefit of defendants, not the convenience of plaintiffs. *Stuebing Automatic Mach. Co. v. Gavronsky*, No. 1:16-CV-576, 2017 WL 3187049, at *5 (S.D. Ohio June 12, 2017) (internal citations omitted).

Venue is proper in the judicial district "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Fashion Nova is a California limited liability company and with its principal place of business in Vernon, which sits in the Central District of California. (Ex. A, Duran Decl. ¶ 3.) Therefore, Plaintiffs could have filed this action in the Central District of California. *See TC Heartland*, 137 S. Ct. at 1521; *Cellularvision Tech. & Telecommunications, L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007). Should this Court be inclined to transfer the case due to improper venue, transfer to the Central District of California is appropriate.

### 2. This Case May Also Be Transferred Pursuant to Section 1404(a).

Even in the unlikely event that this Court concludes that venue is proper in this judicial district (it is not, *see supra* Section IV.A), the Court may still transfer venue to the Central District of California pursuant to 28 U.S.C. § 1404(a). *Pawlik*, 2014 WL 793080, at *7. Courts considering

a motion to transfer pursuant to Section 1404 engage in a two-step analysis. *Osgood v. Disc. Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1263 (S.D. Fla. 2013). *First*, the court must determine whether the action could have been originally been brought in the venue to which transfer is sought. *Id.* This factor is satisfied as discussed *supra* Section IV.B.1. *Second*, the court must evaluate the convenience of parties and public interest considerations. *Id.* The private and public interest factors favor transfer.

### a) The Private Interest Factors Favor Transfer.

Relative ease of access to sources of proof weighs in favor of transfer. Plaintiffs' patent infringement claims relate to Fashion Nova's alleged making, offering to sell, and selling jeans on Fashion Nova's website. (SAC ¶¶ 20-21.) "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Fashion Nova's documents relating to product naming, sourcing and sales are located in California. (Duran Decl. ¶ 4.) Fashion Nova does not maintain documents in this District. (*Id.* at ¶ 7.) In addition, Fashion Nova's vendors for the accused products are located in California. (*Id.* at ¶ 8.) Therefore, this factor weighs in favor of transfer. *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 655 (11th Cir. 1993) (affirming transfer of suit to district where defendant's records relevant to the suit are located).

The convenience of witnesses also weighs heavily in favor of transfer. The relevant Fashion Nova witnesses that are knowledgeable regarding Plaintiffs' allegations include individuals in Fashion Nova's buying, sales, and marketing/advertising departments, all of which are located in Vernon, California. (Duran Decl. ¶ 4.) Moreover, Fashion Nova's vendors for the accused products are located in California. (*Id.* at ¶ 8.) As for potentially relevant Plaintiffs' witnesses, Fashion Nova is aware of only one: Plaintiff Kelly. Kelly is the named inventor on the

Patents-in-Suit. (SAC Exs. A, B.) Plaintiffs further allege that Kelly is the president, owner and founder of Sarahi. (SAC ¶ 12; ECF No. 1 ¶ 1; ECF No. 8.) While Plaintiffs do not allege whether Kelly is a resident of this District, they do allege that Sahari's principal place of business is located at an apartment building in Hollywood, Florida (presumably Kelly's residence). (SAC ¶¶ 1-2.) Potential inconvenience to Plaintiffs does not bar transfer. *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 504 (M.D. Ala. 1994) (transferring case where most of the witnesses would likely be despite plaintiff residing in Middle District of Alabama). In sum, convenience of witnesses weighs significantly in favor of transfer.

Relatedly, the cost of obtaining the presence of witnesses also weighs in favor of transfer. Fashion Nova's witnesses that could testify regarding the issues in this case are also located in Vernon, California. (Duran Decl. ¶¶ 4, 8.) These witnesses would be required to travel across the country (nearly 3,000 miles) to testify in this District. While both Plaintiffs are presumably located in Florida, it is unclear whether any additional Plaintiffs' fact witnesses will testify other than Kelly, given her dual roles as patent inventor and owner/founder of Sahari. (SAC ¶ 12; ECF No. 1 ¶ 1; ECF No. 8.)

The prospect of third party witnesses outside the District also favor transfer. As one court observed, to the extent Plaintiffs "intend[] to prove nationwide infringement, then it will likely need to use witnesses that can show infringement and operations of [the defendant] outside of Florida." *Cellularvision Tech. & Telecommunications, L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1192 (S.D. Fla. 2007). In addition, Fashion Nova sources the accused products from third-party vendors located in California. (Duran Decl. ¶ 8.) Accordingly, this factor also weighs in favor of transfer. *Id.*

### b) The Public Interest Factors Favor Transfer.

*First*, administrative difficulties flowing from court congestion weigh in favor of transfer. It has been noted that "the Southern District of Florida has one of the busiest dockets in the country." *Cellularvision Tech. & Telecommunications, L.P.*, 508 F. Supp. 2d at 1192 (citing *Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F.Supp.2d 1373, 1376 (S.D. Fla. 2003). Recent U.S. District Court data demonstrates that the Southern District of Florida's docket remains busy. Indeed, Southern District of Florida Judges have more actions per judgeship than the national average (total and civil). *See* United States District Courts – Caseload Management Statistics (March 31, 2022) available at: https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0331.2022.pdf at 1, 92. In contrast, the number of actions per judgeship in the Central District of California falls below the national average (total and civil). *Id.* at 1, 68. Moreover, the average time to trial for civil cases in the Southern District of Florida is 25.3 months, compared to 23.5 months in the Central District of California. *Id.* at 68, 92. Accordingly, this factor weighs in favor of transfer.

*Second*, the localized interest factor weighs in favor of transfer. While Plaintiffs have alleged that Fashion Nova committed acts of infringement in the Southern District of Florida, Fashion Nova's activities in Florida are directed from its headquarters in California. (Duran Decl. ¶¶ 4, 8.) When only some accused goods, sold nationwide, were sold to a district, "this sales activity creates only an attenuated relationship" with that district. *Amini Innovation Corp. v. Bank & Est. Liquidators, Inc.*, 512 F. Supp. 2d 1039, 1046 (S.D. Tex. 2007). The citizens of the district where that sales activity is centered (here, California) have a more significant interest in the case than those of the district where some accused sales were made. *Id.* Accordingly, this factor weighs in favor of transfer. *Id.*; *see also Cellularvision Tech. & Telecommunications, L.P.*, 508 F. Supp.

2d at1192 (holding that connection to Arizona is stronger even though some infringement activities occurred in Florida when those activities were directed from Arkansas).

The final two factors (familiarity of the forum with the law that will govern the case and unnecessary problems with conflict of laws) are neutral as this case involves the application of federal patent law and both this Court and the Central District of California have familiarity with patent law.

In sum, the public and private factors, as a whole, strongly favor transfer. Because the factors taken as a whole strongly weigh in favor of transfer, if this case is allowed to proceed, it should proceed in the Central District of California.

## V.     **CONCLUSION**

This Court should dismiss this case for improper venue under Fed. R. Civ. P. 12(b)(3) or alternatively transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a).

### **REQUEST FOR HEARING**

Pursuant to Local Rule 7.1(b)(2), Fashion Nova requests oral argument on this Motion. Because venue and transfer factors are fact-specific, Fashion Nova believes that a hearing might help the Court resolve any factual questions it may have about this case's lack of connection to the Southern District of Florida and the efficiencies that would result from transferring to the Central District of California. Any argument on this matter should take no more than 30 minutes.

Dated: August 4, 2022

Respectfully submitted,

*/s/     Laura Ganoza*
Laura Ganoza (Fl. Bar No. 118532)
Foley & Lardner LLP
2 South Biscayne Boulevard
Miami, Florida 33133
Telephone: (305) 482-8400
Facsimile: (305) 482-8600
lganoza@foley.com

Jeanne M. Gills (pending *pro hac vice*)
321 North Clark Street, Suite 3000
Chicago, Illinois 60654-4762
Telephone: (312) 832-4583
Facsimile: (312) 832-4700
jmgills@foley.com

Kelsey C. Boehm (pending *pro hac vice*)
Foley & Lardner LLP
1400 16th Street Mall
Denver, Colorado 80202
Telephone: (720) 437-2000
Facsimile: (720) 437-2200
kboehm@foley.com

***Counsel for Defendant Fashion Nova, LLC***

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 4, 2022, a true copy of the attached document was filed through the Southern District of Florida ECF system and will be sent electronically to all counsel of record, as identified on the Notice of Electronic Filing.

                                                          */s/ Laura Ganoza*
                                                          Laura Ganoza