UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SUZETTE A. KELLY, an individual
and SARAHI FASHION HOUSE, INC.,
a Florida corporation,

      Plaintiffs,                        Case No. 0:21-CV-61937-RS

v.

FASHION NOVA, LLC, a California
limited liability company,

      Defendant.
_____/

## JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Pursuant to this Court's Order Setting Civil Trial Date and Pretrial Schedule (DKT. 33), Plaintiffs Suzette A. Kelly, and Sarahi Fashion House, Inc., and Defendant Fashion Nova, LLC respectfully submit this Joint Claim Construction and Prehearing Statement.

Attached hereto as Exhibit A is a claim construction chart setting forth the claim terms and items which the parties request that the Court construe. Plaintiffs have included within Exhibit A the intrinsic or extrinsic evidence on which Plaintiffs currently intend to rely either in support of their own proposed constructions or in opposition to Defendant's proposed constructions. Attached hereto as Exhibit B is a declaration by Plaintiff's expert, Asanyah Davidson, in support of Plaintiffs' proposed constructions. Attached hereto as Exhibit C is an identification of intrinsic and extrinsic evidence on which Defendant currently intends to rely either in support of its own proposed constructions or in opposition to Plaintiffs' proposed constructions. Attached hereto as Exhibit D is a declaration by Defendant's expert, Trista Grieder, in support of Defendant's proposed constructions.

The parties have agreed on two (2) claim constructions and dispute the remaining elements, especially as to what is proposed as functional versus ornamental with respect to U.S. Design Patent No. US D674,991 S titled "JEANS" and U.S. Design Patent No. D686,800 S also titled "JEANS."

In particular, the parties have agreed on the following two constructions with regard to both patents:

1. The broken lines shown throughout the views, i.e., FIGS. 1-6 on the surface of the jeans represent stitching.

2. The broken lines representing portions of the human form as shown in FIG. 6 show the jeans being worn and form no part of the claimed design.

The parties anticipate that the length of time necessary for the Claim Construction Hearing will be approximately two (2) hours.

Plaintiffs will submit declarations from and may call as witnesses at the Claim Construction Hearing, Asanyah Davidson and/or Martu Freeman Parker. Either experts will provide their expert opinion that a person of ordinary skill in the art at the time of the patent application would have interpreted the scope of the patented jeans in the D800 and D991 Patents according to Plaintiff's proposed construction, as will be set forth in more detail in an expert declaration.

Defendant disputes that Plaintiffs can have their purported expert, Martu Freeman Parker, testify at the Claim Construction Hearing or later provide expert declarations because the deadline for claim construction expert disclosures according to the Court's Order (Dkt. 33) is the date of filing of this Joint Claim Construction and Prehearing Statement. Defendant would be prejudiced if Plaintiffs were permitted to submit opinions from Plaintiffs' purported expert Martu Freeman Parker at a later date (i.e., later than today's deadline) because Defendant will not have the

opportunity to file a rebuttal claim construction expert disclosure by the ordered deadline where Plaintiffs have failed to timely provide their expert disclosures. In contrast, Defendant has attached hereto as Exhibit D a declaration by Defendant's expert, Trista Grieder, in support of Defendant's proposed constructions. Defendant, therefore, has met the deadline for expert disclosures. Defendant reserves the right to oppose any untimely submissions by Plaintiffs, including objecting to any expert testimony from Martu Freeman Parker at the hearing.

Both Plaintiffs and Defendant reserves the right to call their experts at the Claim Construction Hearing.

Dated:  January 10, 2023

Respectfully Submitted,

**Attorney for Plaintiffs:**

/s/Carol Green von Kaul
Carol Green von Kaul, P.A.
Attorney for Plaintiffs
Carol Green von Kaul, Esq.
(Fla Bar Id. 691593)
201 South Biscayne Blvd., 28th Floor
Miami, FL 33131
Email: cgreen@vonkaul.legal

**Attorneys for Defendant:**

/s/Laura Ganoza
Laura Ganoza (FL. Bar No. 118532)
Foley & Lardner LLP
2 South Biscayne Boulevard
Miami, Florida 33133
Telephone: (305) 482-8400
Facsimile: (305) 482-8600
Email: lganoza@foley.com

/s/Jeanne M. Gills
Jeanne M. Gills (*pro hac vice*)
321 North Clark Street, Suite 3000
Chicago, Illinois 60654-4762
Telephone: (312) 832-4583
Facsimile: (312) 832-4700
Email: jmgills@foley.com

/s/Kelsey C. Boehm
Kelsey C. Boehm (*pro hac vice*)
Foley & Lardner LLP
1400 16th Street Mall
Denver, Colorado 80202
Telephone: (720) 437-2000
Facsimile: (720) 437-2200
Email:  kboehm@foley.com

4885-8129-6968.2

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2023, a true and correct copy of the foregoing was electronically filed on behalf of all parties in the US District Court, Southern District of Florida, using the CM/ECF system and will be sent electronically to all counsels of record as identified on the Notice of Electronic Filing.

Dated: January 10, 2023.                                    Respectfully Submitted,

                                                             /s/ Carol Green von Kaul
                                                            Carol Green von Kaul, Esq.

# EXHIBIT "A"

## JOINT CLAIM CONSTRUCTION CHART

### I. D674,991 S Patent ("D991 Patent"):

| Claim Terms/ Disputed Issues | Plaintiffs' Proposed Construction/Position | Fashion Nova's Proposed Construction/Position |
|---|---|---|
| *"the ornamental design for the jeans, as shown and described."* | No construction needed as the terms are used in their ordinary and customary meaning as are "generally known and used by the public (MPEP 1503)." USPTO Examiner Rashida Monique Johnson, Office Action, Application #29/425,064 (D800), 9/11/12, Page 2, ¶2.<br><br>*See:*<br>https://youtu.be/C_olwYrT3QI | There is no ornamental design for the jeans shown or described because the overall appearance of the jeans is primarily functional. The design as a whole is dictated by the utilitarian purpose of the jeans.<br><br>At least the following elements serve a functional purpose:<br>• The legs of the jeans and their shape.<br>• The waistband and its shape.<br>• The button and hole for the button and their locations.<br>• The fly and its shape.<br>• The crotch point.<br>• The belt loops and their locations.<br>• The front pockets and their shape.<br>• The watch or coin pocket.<br>• The back pockets and their shape.<br>• The yoke and its shape.<br>• The back rise, the front rise, and the ratio of the back rise to the front rise.<br>• The bottom hem.<br>• The back seam.<br>• The side seams.<br>• The inseams.<br>• The double stitching. |
| Broken lines | The broken lines shown throughout the views, on the surface of the jeans represent stitching. | The broken lines shown throughout the views, on the surface of the jeans represent stitching. |

6

| Broken lines in Figs. 6 representing portions of the human form. | The broken lines representing portions of the human form as shown in FIG. 6 show the jeans being worn and form no part of the claimed design. | The broken lines representing portions of the human form as shown in FIG. 6 show the jeans being worn and form no part of the claimed design. |
|---|---|---|
| Distinguishing what is considered functional from what is ornamental. | The following jeans elements are functional:<br><br>• The jeans' legs.<br>• The jeans' crotch.<br>• The back seam.<br>• The side seams.<br>• The inseams. | There is no ornamental design for the jeans shown or described because the overall appearance of the jeans is primarily functional. The design as a whole is dictated by the utilitarian purpose of the jeans.<br><br>At least the following elements serve a functional purpose:<br>• The legs of the jeans and their shape.<br>• The waistband and its shape.<br>• The button and hole for the button and their locations.<br>• The fly and its shape.<br>• The crotch point.<br>• The belt loops and their locations.<br>• The front pockets and their shape.<br>• The watch or coin pocket.<br>• The back pockets and their shape.<br>• The yoke and its shape.<br>• The back rise, the front rise, and the ratio of the back rise to the front rise.<br>• The bottom hem.<br>• The back seam.<br>• The side seams.<br>• The inseams.<br>• The double stitching. |
| The difference in height between the top back of the jeans and the top front of the jeans. | Plaintiffs propose that the D991 Patent not be construed with words *per se*, and/or an element by element analysis. Further, the difference in height between the top back | The difference between the front rise of the jeans and the back rise of the jeans serves a primarily functional purpose. |

7

| | | |
|---|---|---|
| | of the jeans and the top front of the jeans in the D991 Patent is ornamental rather than functional.<br><br>No additional construction needed for this ornamental element under the ordinary observer test. | The back rise of the jeans is 75% greater than the front rise of the jeans, where<br>• the front rise is measured from the crotch straight up to the top of the waistband in the front; and<br>• the back rise is measured from the crotch straight up to the top of the waistband in the back.<br><br>Alternatively, indefinite if Plaintiffs contend that a measurement of the back rise to the front rise cannot be discerned from the figures. |
| The arches above the back pockets of the jeans. | Plaintiffs propose that the D991 Patent not be construed with words *per se*, and/or an element by element analysis. Further, the D991 Patent's arches above the back pockets of the jeans are ornamental rather than functional.<br><br>No additional construction needed for this ornamental element under the ordinary observer test. | The shape of the yoke serves a primarily functional purpose.<br><br>The yoke is curved above each back pocket. |
| The shape of the top front of the jeans. | Plaintiffs propose that the D991 Patent not be construed with words *per se*, and/or an element by element analysis. Further, the shape of the top front of the jeans of the D991 Patent are ornamental rather than functional.<br><br>No additional construction needed for this ornamental element under the ordinary observer test. | The shape of the waistband at the top front of the jeans serves a primarily functional purpose. |
| The shape of the back pockets of the jeans. | Plaintiffs propose that the D991 Patent not be construed with words *per se*, and/or an element by element analysis. | The shape of the back pockets of the jeans serves a primarily functional purpose. |

8

| | Further, the shape of the back pockets of the jeans of the D991 Patent are ornamental rather than functional.<br><br>No additional construction needed for this ornamental element under the ordinary observer test. | |

## II. D686,800 S Patent ("D800 Patent"):

| Claim Terms/ Disputed Issues | Plaintiffs' Proposed Construction/Position | Fashion Nova's Proposed Construction/Position |
|---|---|---|
| *"the ornamental design for the jeans, as shown and described."* | No construction needed as the terms are used in their ordinary and customary meaning as are "generally known and used by the public (MPEP 1503)." USPTO Examiner Rashida Monique Johnson, Office Action, Application #29/425,064 (D800), 9/11/12, Page 2, ¶2.<br><br>*See*:<br>https://youtu.be/C_olwYrT3QI | There is no ornamental design for the jeans shown or described because the overall appearance of the jeans is primarily functional. The design as a whole is dictated by the utilitarian purpose of the jeans.<br><br>At least the following elements serve a functional purpose:<br>• The legs of the jeans and their shape.<br>• The waistband and its shape.<br>• The button and hole for the button and their locations.<br>• The fly and its shape.<br>• The crotch point.<br>• The belt loops and their locations.<br>• The front pockets and their shape.<br>• The watch or coin pocket.<br>• The back pockets and their shape.<br>• The yoke and its shape.<br>• The back rise, the front rise, and the ratio of the back rise to the front rise.<br>• The bottom hem.<br>• The back seam.<br>• The side seams. |

9

| | | | |
|---|---|---|---|
| | | | • The inseams.<br>• The double stitching. |
| Broken lines | The broken lines shown throughout the views, on the surface of the jeans represent stitching. | | The broken lines shown throughout the views, on the surface of the jeans represent stitching. |
| Broken lines in Figs. 6 representing portions of the human form. | The broken lines representing portions of the human form as shown in FIG. 6 show the jeans being worn and form no part of the claimed design. | | The broken lines representing portions of the human form as shown in FIG. 6 show the jeans being worn and form no part of the claimed design. |
| Distinguishing what is considered functional from what is ornamental. | The following jeans elements are functional:<br><br>• The jeans' legs.<br>• The jeans' crotch.<br>• The back seam.<br>• The side seams.<br>• The inseams. | | There is no ornamental design for the jeans shown or described because the overall appearance of the jeans is primarily functional. The design as a whole is dictated by the utilitarian purpose of the jeans.<br><br>At least the following elements serve a functional purpose:<br>• The legs of the jeans and their shape.<br>• The waistband and its shape.<br>• The button and hole for the button and their locations.<br>• The fly and its shape.<br>• The crotch point.<br>• The belt loops and their locations.<br>• The front pockets and their shape.<br>• The watch or coin pocket.<br>• The back pockets and their shape.<br>• The yoke and its shape.<br>• The back rise, the front rise, and the ratio of the back rise to the front rise.<br>• The bottom hem.<br>• The back seam.<br>• The side seams.<br>• The inseams.<br>• The double stitching. |

4885-8129-6968.2

| | | |
|---|---|---|
| The difference in height between the top back of the jeans and the top front of the jeans. | Plaintiffs propose that the D800 Patent not be construed with words *per se*, and/or an element by element analysis. Further, the difference in height between the top back of the jeans and the top front of the jeans in the D800 Patent is ornamental rather than functional.<br><br>No additional construction needed for this ornamental element under the ordinary observer test. | The difference between the front rise of the jeans and the back rise of the jeans serves a primarily functional purpose.<br>The back rise of the jeans is 75% greater than the front rise of the jeans, where<br>• the front rise is measured from the crotch straight up to the top of the waistband in the front; and<br>• the back rise is measured from the crotch straight up to the top of the waistband in the back.<br><br>Alternatively, indefinite if Plaintiffs contend that a measurement of the back rise to the front rise cannot be discerned from the figures. |
| The arches above the back pockets of the jeans. | Plaintiffs propose that the D800 Patent not be construed with words *per se*, and/or an element by element analysis. Further, the D800 Patent's arches above the back pockets of the jeans are ornamental rather than functional.<br><br>No additional construction needed for this ornamental element under the ordinary observer test. | The shape of the yoke serves a primarily functional purpose.<br><br>The yoke is curved above each back pocket. |
| The shape of the top front of the jeans. | Plaintiffs propose that the D800 Patent not be construed with words *per se*, and/or an element by element analysis. Further, the shape of the top front of the jeans of the D800 Patent are ornamental rather than functional.<br><br>No additional construction needed for this ornamental | The shape of the waistband at the top front of the jeans serves a primarily functional purpose. |

11

4885-8129-6968.2

|  | element under the ordinary observer test. |  |
| --- | --- | --- |
| The shape of the back pockets of the jeans. | Plaintiffs propose that the D800 Patent not be construed with words *per se*, and/or an element by element analysis. Further, the shape of the back pockets of the jeans of the D800 Patent are ornamental rather than functional.<br><br>No additional construction needed for this ornamental element under the ordinary observer test. | The shape of the back pockets of the jeans serves a primarily functional purpose. |