UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-61937-CIV-SMITH

SUZETTE KELLY, *et al.*,

    Plaintiffs,

vs.

FASHION NOVA, LLC

    Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE AND IN THE ALTERNATIVE, TO TRANSFER VENUE

This cause comes before the Court upon Defendant's Motion to Dismiss for Improper Venue or, in the Alternative, Transfer Venue and Supporting Memorandum of Law [DE 21], Plaintiffs' Response [DE 29], and Defendant's Reply [DE 32]. For the reasons that follow, the Motion is granted in part and denied in part.

**I.    BACKGROUND**

Plaintiff Suzette Kelly is a fashion designer who designed and obtained patents for "V-cut" and "C-cut" jeans which are the subject of this action. (Compl. [DE-1] ¶ 1.) Plaintiff Sarahi Fashion House, Inc. is a Florida company with its principal place of business at 1815 McKinley Street, #6, Hollywood, FL 33020. (*Id.* ¶ 1.) Kelly is the President of Sarahi Fashion House, Inc. (*Id.*) Kelly owns United States Patent Numbers US D674,991 ('991 Patent) and US D686800 ('800 Patent) (*Id.* ¶ 6.) Defendant, Fashion Nova, LLC is a California limited liability company with its principal place of business in Vernon, California. (Def's Aff. [DE 21-7] ¶ 3.)

The '991 and '800 Patents are design patents for V-Cut and C-cut jeans. (*Id.* ¶ 14.) These jeans were originally marketed to full figured women. They grew more popular when it was determined that they were comfortable for all body types. (*Id.*)

Plaintiffs filed suit alleging that Defendant "willfully copied and duplicated the designs embodied in the '991 and '800 Patents and offered the same V-Cut and C-Cut Jeans for sale on its www.FashionNova.com website." (*Id.* ¶ 19.) Plaintiffs further allege that Defendant has infringed and continues to infringe Kelly's patents "by making, offering to sell, and selling" the jeans on its website. (*Id.* ¶ 20.) Defendant moves to dismiss Plaintiffs' action on grounds that suit was brought in the wrong venue. Alternatively, Defendant seeks transfer to the Central District of California.

**II.  DISCUSSION**

Venue in non-patent litigation is broader than in patent-infringement litigation. In non-patent litigation, district courts have wide discretion to resolve motions to transfer venue pursuant to 28 U.S.C. § 1404. *See Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193 (11th Cir. 1991). However, in patent-infringement actions, venue is proper only "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement *and* has a regular place of business." 28 U.S.C. § 1400(b) (emphasis added).

In its most recent decision on the matter, the Supreme Court held that "for purposes of § 1400(b) a domestic corporation 'resides' only in its State of incorporation." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017). The Supreme Court ruled that "the patent venue statute 'was adopted to define the exact jurisdiction of the federal courts in actions to enforce patent rights,' a purpose that would be undermined by interpreting it 'to dovetail with the general provisions relating to the venue of civil suits.'" *Id.* at 265 (citation omitted). "The Court

thus held that the patent venue statute 'alone should control venue in patent infringement proceedings.'" *Id.* (citation omitted)

After *TC Heartland*, the United States Court of Appeals for the Federal Circuit interpreted the second clause of section 1400(b), which states, "or where the defendant has committed acts of infringement and has a regular place of business." *In re Cray Inc.*, No. 2017-129, 2017 WL 4201535, at *4 (Fed. Cir. Sept. 21, 2017). The Federal Circuit held that if the defendant is not a resident of the venue, the following three requirements must be satisfied: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Id.* If these requirements are not satisfied, it is reversible error to deny a motion to transfer venue. *Id.*

Here, Plaintiff does not dispute that Defendant is not a resident of the Southern District of Florida. *See* generally Pl's Resp. Defendant is a resident of California, specifically, the Central District of California. *Id.* Accordingly, in order to retain the case, the Court must find that Defendant has a regular, established, and physical place of business in this district. *See In re Cray, Inc.*, 2017 WL 4201535 at *4. However, Defendant does not. Plaintiffs present no evidence that Defendant maintains a physical place of business in this district. Plaintiffs, however, present evidence that Defendant sells its infringing products in this district. If this were not a patent case, not only would this be relevant evidence, but the Court would have discretion to evaluate transfer pursuant to § 1404. But this is a patent case and venue is governed by § 1400(b), which is not discretionary. Thus, the Court must transfer venue.

Defendant requested that if the Court finds venue improper, the Complaint should be dismissed or, in the alternative, transferred to the Central District of California. Pursuant to 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong

3

division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision whether to transfer a case is left to the sound discretion of the district court." *Roofing Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.,* 689 F.2d 982, 985 (11th Cir.1982). "The interests of justice" generally favor transferring a case to the appropriate judicial district rather than dismissing it. *See Forbes v. Lenox Financial Mortgage, LLC,* et al., No. 08-60455-CIV, 2008 WL 2959727, at *4 (S.D. Fla. Jul. 30. 2008) ("Transfer of a case is generally considered to be more in the 'interest of justice' than outright dismissal of an action."). The court to which the case is being transferred must sit within a district in which the case originally could have been brought, "both with respect to venue and personal jurisdiction." *Id.* (citing *Hoffman v. Blaski,* 363 U.S. 335, 344, (1960)). The Court will exercise its discretion and transfer this case to the Central District of California, a venue where the case could have been brought because Defendant maintains its principal place of business there. Accordingly, it is

**ORDERED** that

1. Defendant's Motion to Dismiss [DE 21] is **DENIED**.

2. Defendant's Motion to Transfer Venue [DE 21] is **GRANTED**.

3. The Clerk is directed to **TRANSFER** this case to the United States District Court for the District of Central California

4. This case is **CLOSED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 29th day of March 2023.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc Counsel of record